UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IAIN WALKER, | ) | |
|     Petitioner | ) | 2011 C 2967 |
| vs. | ) | |
| | ) | Hon. Judge Samuel Der-Yeghiayan |
| NORENE ANN WALKER, | ) | Mag. Judge Susan Cox |
| | ) | Courtroom 1903 |
|     Respondent | ) | |

**RESPONDENT'S MOTION TO STRIKE AND DISMISS VERIFIED PETITION PURSUANT TO RULE 12(f), F. R. Civ. Pr.**

NOW COMES, Respondent NORENE ANN WALKER, by and through her attorney HERMAN J. MARINO, and in and for her MOTION TO STRIKE AND DISMISS VERIFIED PETITION PURSUANT TO RULE 12(f), F. R. Civ. Pr.**,** and states as follows:

    1.    On May 4, 2011 Petitioner Iain Walker filed a "Verified Petition" for return of minor child pursuant to the International Child Abduction Remedies Act, 42 USC 11601, docketed as case number 11 C 02967.

    2.    On May 6, 2011 Respondent filed her appearance and Motion to Strike the Petition based upon the Petitioner's failure to comply with Rule 11 and General Order 09-014 relative to the Court's Rules for Electronic Filing.

    3.    On May 18, 2011 the Court addressed the issue of the Motion to Strike which was neither granted nor denied based upon the representation of Petitioner's counsel that it would file a proper appearance. (See docket entry No 20).

    4.    On May 18, 2011, without leave of court or filing an appropriate motion, Petitioner filed an "Amended Petition" which appears to be identical to the original Petition with exhibits.

    5.    The Petition purports to be brought under The Hague Convention and the International Child Abduction Remedies Act ("ICARA").

6.     The Petition fails to comply with the pleading requirements under Rule 10(b) in that it fails to set forth his claim in separately numbered paragraphs that are limited to a single set of circumstances.

7.     More significantly, the Petition contains various references to the Petitioner's legal theories and purported summaries of various decisions in this and other jurisdictions.  For example, the Petition has no fewer than 14 footnotes which purport to summarize the Petitioner's legal conclusions or summaries of legal authorities supporting the filing of the Petition.  In addition, the Petition attempts to set forth within the separately numbered paragraphs, conclusions of law, which purport to support the filing of the Petition for the relief requested in it.  For example, Paragraph 9 of the Petition sets forth an extended discussion of the Petitioner's conclusions regarding Australian Law.  Paragraph 14 sets forth an extended discussion of Petitioner's legal theories regarding the availability of relief requested under both ICARA and the Illinois Marriage and Dissolution of Marriage Act.

8.     The Petition purports to be an initiating complaint and not a Memorandum of Law.  Accordingly, the Petitioner's legal memoranda are horridly and extraneous to the complaint being presented and are not proper under the Federal Rules of Civil Procedure.

9.     Respondent is under no obligation to answer a petition that fails to comply with the federal rules of civil procedure.  Rule 8(b)(1) requires the Defendant to file an answer that admits or deny the allegations asserted against it.  If the Defendant fails to deny an allegation, the allegation is deemed admitted under rule 8(b)(6).

10.     The Petition is a transparent attempt to induce the Respondent to admit to the Petitioner's legal analyses by setting forth allegations of "fact" which incorporate legal theories and legal conclusions.

11.     Rule 12(f) provides as follows:

> Motion to Strike.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or

      (2) on motion made by the party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

11. Under the Federal Rules of Civil Procedure the United States District Court is not a "fact pleading" jurisdiction. The basis of pleading in the federal courts is notice pleading. *Redfield v. Continental Cas. Corp.*, 1987, 818 F.2d 596 (7th Cir 1987)

12. There is no basis upon which the Petitioner can induce the Respondent to admit or deny matters more properly reserved to a memorandum of law.

## ARGUMENT

The Seventh Circuit and the Illinois federal courts draw a distinction between a motion to strike a complaint, and a Motion to Strike an answer or affirmative defense. Motions to Strike Defenses are disfavored. Motions to Strike Defenses are not favored, and are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial. Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955, 962 (N.D.Ill.1972)

Such motions generally will be denied "if the *defense* is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Application of J. W. Schonfeld, Ltd., 460 F.Supp. 332, 335 (E.D.Va.1978); Systems Corp. v. American Telephone & Telegraph, 60 F.R.D. 692, 694 (S.D.N.Y.1973); 2A Moore's Federal Practice P 12.21 at 2437 (2d ed. 1975)(emphasis added). Before a Motion to Strike can be granted, the court must instead "be convinced that there are no questions of fact, that any questions of law *are clear and not in dispute*, and that under no set of circumstances could the defense succeed." Systems Corp., supra at 694; Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 368 (S.D.N.Y.1969).(Emphasis added)

On the other hand, Motions to Strike a Complaint, or improper allegations contained in a complaint are proper. Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664-5 (7th Cir 1994). *See also, Beck v. Cantor, Fitzgerald & Co.,* 621 F.Supp. 1547,

1565 (N.D.Ill.1985); *Gilbert v. Eli Lilly & Co.,* 56 F.R.D. 116, 120 n. 7 (D.P.R.1972). The decision whether to strike material as scandalous is within the discretion of the district court. *Alvarado-Morales v. Digital Equipment Corp.,* 843 F.2d 613, 618 (1st Cir.1988).

In the present case the legal analysis and legal conclusions presented by the Petitioner are not part of the nucleus of operative facts of this case. They are simply the Petitioner's theories that Petitioner believes supports his claims. Respondent will be prejudiced if she is forced to admit or deny these legal conclusions which are not facts to be admitted or denied, but conclusions to be made by this court at the proper time.

## CONCLUSION

For the foregoing reasons the Petitioner's amended petition should be stricken in its entirety. In the alternative, and at a minimum the Petitioner's various legal conclusions and, legal theories and analyses should be stricken from the complaint so that the complaint sets forth those facts—and only those facts—relevant to the Petitioner's claims under ICARA.

**WHEREFORE**, Respondent NORENE ANN WALKER, by and through her attorney HERMAN J. MARINO, hereby prays for an order:

A.    STRIKING the Verified Petition pursuant to Rule 12(f), F. R. Civ. Pr. and,

B.    Providing such further and other relief just in the premises.

By:     s/ Herman J. Marino
One of his attorneys

Herman J. Marino Ltd., P.C.
Attorney for Respondent
53 West Jackson Boulevard, Suite 1557
Chicago, Illinois. 60604
312-347-9990 // 312-347-9992 (FAX)
hjmarino@marinotaxlaw.com