IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IAIN WALKER,                )
                            )
       Petitioner,          )
                            )
   v.                       )   No. 11 C 2967
                            )
NORENE ANN WALKER,          )
                            )
       Respondent.          )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to strike. For the reasons stated below, the motion to strike is granted in part and denied in part.

## BACKGROUND

Petitioner and Respondent were allegedly married in Chicago, Illinois in 1993 and are the parents of three minor children (Minors). Petitioner is the Minors' father and Respondent is the Minors' mother. In 1998, the family allegedly moved to Australia. In June 2010, the family traveled back to the United States allegedly with the intent of returning to Australia. Petitioner contends that Respondent refused to return to Australia and instead allegedly abducted the Minors and commenced a

1

divorce action in Chicago, Illinois. Petitioner filed the amended petition (Amended Petition) in this case pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, seeking to have the Minors returned to Australia. Respondent moves to strike the Amended Petition and in the alternative to strike the portions that contain legal conclusions or arguments.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored since they usually "disserve the interest of judicial economy." *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007); *See also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(referring to the "general rule that motions to strike are disfavored . . . because motions to strike potentially serve only to delay").

## DISCUSSION

Respondent contends that the Amended Petition is improper because it contains legal conclusions, arguments, and citations. Respondent argues that she

cannot properly file an answer to the Amended Petition in accordance with Federal Rule of Civil Procedure 8(b) (Rule 8(b)) without having legal conclusions and arguments unintentionally deemed to be admitted. Respondent requests that the Amended Petition be stricken in its entirety, and requests in the alternative to have the legal conclusions and arguments stricken from the Amended Petition. Respondent contends that Petitioner included legal conclusions, arguments, and citations in paragraph 9 (Paragraph 9), paragraph 12 (Paragraph 12), and paragraph 14 (Paragraph 14) of the Amended Petition and in the footnotes in the Amended Petition. (Reply 2).

While, a plaintiff cannot simply rely on legal conclusions in pleading his case, and such legal conclusions are not accepted as true at the motion to dismiss stage, a plaintiff is not barred from pleading legal conclusions in an initial pleading. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010)(stating that "a plaintiff is required to plead more than bare legal conclusions to survive a motion to dismiss" and that a plaintiff must plead "factual material" and that the principle that allegations are accepted as true is "inapplicable to legal conclusions). There is no explicit bar in the Federal Rules of Civil Procedure to the inclusion of legal conclusions in an initial pleading, and, in presenting allegations regarding subject matter jurisdiction it is entirely appropriate

to state legal conclusions with supporting facts.

Pursuant to Rule 8(b) an opponent must respond to all allegations in a pleading and if legal conclusions included in an initial pleading can be responded to in accordance with Rule 8(b), an opposing party must respond to such allegations. *See, e g.., Pavlik v. FDIC*, 2010 WL 3937621, at *3 (N.D. Ill. 2010)(holding that even legal conclusions must be responded to in an answer); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)(referring to the "express Rule 8(b) requirement that *all* allegations must be responded to")(emphasis in original). However, a pleading is not the proper document in which to present extensive legal arguments that belong in a legal memorandum. Legal arguments are not appropriate in an initial pleading if they are such that they "cannot be answered by a 'short and plain' admission, denial, or defense as contemplated by Fed.R.Civ.P. 8(b)." *Norton-Griffiths v. Wells Fargo Home Mortg.*, 2011 WL 884456, at *6 (D. Vt. 2011).

In Paragraphs 9 and 12, Petitioner has alleged certain facts and a few legal conclusions to which Respondent should be able to respond in accordance with Rule 8(b). In Paragraph 14 and the footnotes in the Amended Petition, Petitioner has presented extensive legal citations and legal arguments, which are not appropriate for an initial pleading, and which cannot be properly responded to under Rule 8(b). Therefore, the court strikes Paragraph 14 and the footnotes from the Amended Petition.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to strike Paragraphs 9 and 12 is denied and the motion to strike Paragraph 14 and the footnotes in the Amended Petition is granted. Respondent is given until September 8, 2011 to answer the remaining allegations in the Amended Petition and, in addition, to submit a memorandum, not to exceed 25 pages, in support of her position why the Amended Petition should not be granted. The Petitioner is given until September 15, 2011 to submit a memorandum, not to exceed 25 pages, in support of his position why the Amended Petition should be granted. The next status hearing set for September 29, 2011, remains unchanged.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 25, 2011